# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        **Plaintiff,**

    **vs.**                             **Case No.**    **05-C-444**
                                                            **(01-CR-179)**

ANTHONY RAY ROBINSON,

        **Movant.**

# DECISION AND ORDER

Cocaine can be acquired and sold in a variety of forms—crack and cocaine powder among them—and, when one is caught possessing or distributing cocaine, the form of the cocaine dictates the consequences under the law. Cocaine is a base in its natural state. *United States v. Edwards*, 397 F.3d 570, 574 (7th Cir. 2005). Most of the cocaine imported into the United States is commonly referred to as "cocaine powder" (also apparently known as "straight P" or "straight powder"), which is actually cocaine base that has been converted into cocaine hydrochloride (cocaine salt). *Id.* When cocaine base is separated, or "freed," from the hydrochloride (a process known as "freebasing"), still more forms of cocaine can be created. *Id.* One of those forms is crack. By mixing cocaine hydrochloride with baking soda and water and boiling the mixture, a solid, rock-like substance is left behind. *Id.* That rock-like substance is known as crack (or "rock" or "crack rock") and is significantly more potent than powder cocaine. *Id.* The sentence one receives when he is found in possession of or distributing crack is also more potent than that

for cocaine powder. One gram of crack cocaine, for example, will earn a criminal the same sentence as one hundred grams of cocaine powder. *See* U.S.S.G. § 2D1.1(c).

Anthony Ray Robinson ("Robinson") was caught in possession of nine ounces of cocaine base, which he was also trying to distribute, in 2001. *See* 21 U.S.C. §§ 841(a)(1) & (b)(1); § 846. Robinson pleaded guilty to a one-count indictment that alleged that Robinson "did knowingly attempt to possess, with the intent to distribute and distribute cocaine base, a substance commonly known as 'crack' (cocaine) . . . in excess of fifty grams."[1] (Mem. of Points & Authorities in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Ex. 1.) Similarly, the judgment states that Robinson pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1), and 846 by "Attempt[ing] to Distribute Cocaine Base."

The Seventh Circuit has held , since long before Robinson was caught with cocaine base, that for purposes of 21 U.S.C. § 841(b)(1) the phrase "cocaine base" means crack. *Edwards*, 397 F.3d at 577; *United States v. Reddrick*, 90 F.3d 1276, 1282 (7th Cir. 1996); *United States v. Booker*, 70 F.3d 488, 494 (7th Cir. 1995); *see also United States v. Earnest*, 129 F.3d 906, 915-16 (7th Cir. 1997); *United States v. Adams*, 125 F.3d 586, 591-92 (7th Cir. 1997); *United States v. Hall*, 109 F.3d 1227, 1236 (7th Cir. 1997). In other words, Robinson unequivocally pleaded guilty to attempting to distribute crack. Accordingly, on March 15, 2002, this Court sentenced him to 168 months in prison for attempting to distribute crack. Robinson did not appeal.

---

[1]Robinson's signed plea agreement is worded identically to the indictment, and in it Robinson acknowledges that he understands what he is pleading guilty to.

Over three years passed since Robinson was sentenced, without a word from Robinson. Then, on April 18, 2005, the clerk of this Court received and filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody from Robinson. In his motion, Robinson makes two arguments; both depend on his assertion that what he really possessed and tried to distribute was cocaine powder (or "straight P" as he calls it), not crack. Specifically, Robinson argues: (1) that *United States v. Booker*, 125 S. Ct. 738 (2005), requires that the government prove to a jury beyond a reasonable doubt that he possessed crack; and (2) that his counsel was ineffective because she failed to make the government prove to a jury that he possessed crack.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Section 2255 also has a one-year statute of limitations that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.   Robinson filed his § 2255 motion three years after his conviction became final, so it is timely only if it falls under one of the other three provisions of § 2255, ¶ 6.

Periods of limitations are not usually grounds for defeat of a § 2255 motion at the Rule 4 stage, however; they are affirmative defenses best adjudicated after the input of both parties to an action.   In fact, generally, a district court may not dismiss a § 2255 motion *sua sponte* based on an untimely filing.   *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Nevertheless, district courts may dismiss habeas petitions if the petition appears on its face to be without merit.   *Id.*   It is unusual, indeed, for a district court to dismiss a motion as untimely on its face because claims of equitable tolling may save the movant and will rarely be clear from the face of a petition.   *Id.*

Robinson's motion is unique, though, because *he* raises timeliness.   In the opening section of his motion, entitled "Statement of Jurisdiction," Robinson says that his motion is timely because it was brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255, ¶ 6(3). (Robinson does not argue that his petition would be timely under any of the other provisions of § 2255's limitations period.)   He maintains that *Booker* recognized the right he now asserts—that a jury must find beyond a reasonable doubt all facts upon which a sentence is based.[2]  If *Booker* is retroactively applicable, then his motion is timely and the Court may consider the merits of his

---

[2]In fact, *Booker* holds that "Any fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts *established by the plea of guilty* or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt." (emphasis added)).   Robinson's sentence is supported by facts he knowingly admitted in his guilty plea.

claims. (*See* Mem. of Points & Authorities in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence at 2 ("If the district court finds that [*Booker* applies retroactively], then it can address the merits of Petitioner's claims.").)

But *Booker* is not retroactively applicable. The Seventh Circuit has held that *Booker* does not apply to criminal cases, like Robinson's, that became final before January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because *Booker* is not retroactively applicable, Robinson is out of luck. Although the Court would not typically dismiss a § 2255 motion as untimely without hearing from both parties, Robinson has raised the affirmative defense of timeliness on his own, and by so doing, has pleaded himself out of court. His petition is not timely under § 2255, ¶ 6(3), or any other provision of § 2255 and Robinson is not entitled to relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Docket No. 1] is **DISMISSED** because it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that Robinson is not entitled to relief.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2005.

**BY THE COURT:**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**